631 S.E.2d 635

**Peggy Ann MAYHORN, Petitioner Below, Appellant**

v.

**WEST VIRGINIA CONSOLIDATED PUBLIC RETIREMENT BOARD, Respondent Below, Appellee.**

**No. 32850.**

Supreme Court of Appeals of West Virginia.

Submitted May 10, 2006.

Decided June 9, 2006.

John Everett Roush, Esq., West Virginia School Service Personnel Association, Charleston, for Appellant.

Anne Werum Lambright, Esq., West Virginia Consolidated Public Retirement Board, for Appellee.

Justice MAYNARD:

This case is before this Court upon appeal of a final order of the Circuit Court of Kanawha County entered on January 5, 2005. In that order, the circuit court upheld an administrative decision of the appellee, the West Virginia Consolidated Public Retirement Board (hereinafter, "the Board"), denying the claim of the appellant, Peggy Ann Mayhorn, for disability retirement benefits. In this appeal, Ms. Mayhorn contends that she is entitled to disability retirement benefits because the Board failed to properly consider the weight-lifting restrictions placed on her by her physician and the presumption of disability resulting from the fact that the Social Security Administration granted her a disability award. After reviewing the facts of the case, the issues presented, and the relevant statutory and case law, this Court reverses the decision of the circuit court and remands this case for further proceedings consistent with this opinion.

## I.

### FACTS

The appellant, Peggy Ann Mayhorn, was employed as a cook by the Logan County Board of Education. As an employee of the school board, she was also a member of the Teachers' Retirement System and had accrued 11.972 years of retirement credit by December 10, 2001. The Board is the state agency that administers the Teachers' Retirement System. Ms. Mayhorn ceased physically working for the Board of Education on December 10, 2001, when she injured her back at work. Ms. Mayhorn was getting something out of a freezer when boxes fell on her and knocked her to the floor.

Ms. Mayhorn was fifty-two years of age when she ceased working. At a later date, Ms. Mayhorn was awarded Social Security disability benefits retroactive to December 10, 2001.

Two of Ms. Mayhorn's physicians, Dr. Bassam Moushmoush and Dr. Lawrence Kelly, have indicated that she is permanently incapacitated for service in her current job category. Dr. Moushmoush reached this opinion based upon her cardiac problems, while Dr. Kelly found that her inability to perform regular work duties resulted in permanent incapacitation for the position of cook. Ms. Mayhorn states that she suffers from a number of physical ailments including coronary artery disease and back pain due to generalized disc degeneration. She underwent heart bypass surgery in 2000, had a stent implanted in 2002, and declares that she continues to experience pain in her chest and arms. Her other ailments include pain and swelling in her legs, depression/anxiety, fibromyalgia, obstructive sleep apnea, restless leg syndrome, gastroesophageal reflux disease, gastroenteritis, gastroparesis, and dyspepsia. She also states that Dr. Moushmoush restricted her to lifting no more than ten pounds, while her duties as a cook required her to lift up to fifty pounds.

In the case at hand, Ms. Mayhorn first applied for disability retirement benefits from the Board on April 11, 2003. The Board denied her application on August 21, 2003. The major factor in its decision for denying her benefits was the examination of Ms. Mayhorn by Dr. John Walden, a physician selected by the Board. Dr. Walden evaluated Ms. Mayhorn on June 11, 2003, and found that in light of her three medical reasons for disability, "nerves, pain in both calves, and low back pain," that she was "not totally and likely to be permanently incapacitated for continued service in her most recent position in the school system."

Following the August 21, 2003, denial of disability benefits, Ms. Mayhorn requested a second examination by another Board-selected physician. On October 31, 2003, Dr. William Jeffrey evaluated Ms. Mayhorn and also found that she was not totally nor likely to be permanently disabled. Dr. Jeffrey stated that Ms. Mayhorn's coronary artery disease, her second complaint in her claim for disability retirement benefits, had been treated and that her ventricular function was good. Further, Dr. Jeffrey said that Ms. Mayhorn's MRI showed arthritis in the lumbar spine, which is traditionally treated with anti-inflammatory medicines, physical therapy, and rest on an as needed basis. On December 11, 2003, the Board again denied her application for disability retirement benefits.

Ms. Mayhorn appealed the denial of benefits to the Board's hearing officer, Jack De-Bolt, who held a March 19, 2004, hearing on the matter. On April 13, 2004, Mr. DeBolt recommended the denial of disability retirement benefits to Ms. Mayhorn. On May 19, 2004, the Board adopted Mr. DeBolt's recommendation.

Ms. Mayhorn appealed the decision of the Board to the Circuit Court of Kanawha County, which entered a January 5, 2005, order affirming the Board's decision. The circuit court found that "the Board's decision [was] neither clearly wrong based upon the substantial, reliable and probative evidence of record, nor contrary to applicable law. Additionally, the decision was not arbitrary or capricious, or characterized by an abuse of discretion. West Virginia Code § 29–A–5–4, Syllabus Point 2, *Shepherdstown V.F.D. v. W. Va. Human Rights Commission,* 172 W.Va. 627, 309 S.E.2d 342 (1983)." This appeal followed.

## II.

### STANDARD OF REVIEW

Ms. Mayhorn contends that the circuit court erred in upholding the decision of the Board which denied her application for disability retirement benefits. This Court applies the same standard of review that the circuit court applied to the Board's administrative decision, i.e., giving deference to the Board's purely factual determinations and giving *de novo* review to legal determinations. *See Choma v. West Virginia Div. of Motor Vehicles,* 210 W.Va. 256, 258, 557 S.E.2d 310, 312 (2001). In Syllabus Point 2 of *Choma,* we held that: "On appeal of an administrative [decision] . . . findings of fact

by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong. Syllabus Point 2 (in part), *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996)." Likewise, "[e]videntiary findings made at an administrative hearing should not be reversed unless they are clearly wrong." Syllabus Point 1, *Francis O. Day Co., Inc. v. Director, Div. of Envtl. Prot.*, 191 W.Va. 134, 443 S.E.2d 602 (1994).

## III.

## DISCUSSION

In this case, Ms. Mayhorn argues that she is entitled to disability retirement benefits through the Teachers' Retirement System which is administered by the Board. In support of her argument, she relies upon the following definition found in the Board's regulations, 162 C.S.R. § 2–3.2.b:

> For members of the Teachers' Retirement System "mentally or physically incapacitated for service" means a member's inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, or has lasted and can be expected to last for a continuous period of not less than twelve months. In order for a member of the Teachers' Retirement System to be eligible to be retired by the Board on account of the incapacity, the evidence must demonstrate that the member's incapacity is so severe that he or she is likely to be permanently unable to perform the duties of the position which the member occupied immediately prior to his or her disabling illness or injury. Evidence demonstrating that the member has been awarded disability bene-

fits by the Social Security Administration establishes a presumption rebuttable by medical evidence or opinion to the contrary, that the member suffers from a mental or physical incapacitation for service under the Teachers Retirement System.[1]

With regard to her disability retirement application, Ms. Mayhorn maintains that her weight-lifting restrictions, continuing heart problems, and the rest of her disabling conditions make it certain that she will never be able to return to work as a cook. Specifically, she contends that she satisfies the statutory requirement of ten years of service and argues that the Board erred by finding she did not meet the statutory requirement that a Board appointed physician show that she was mentally or physically incapacitated. *See* W.Va.Code § 18–7A–25.

Ms. Mayhorn says that the reports from both of the Board's physicians fail to take into consideration the weight-lifting restrictions that disqualified her from resuming her position as a cook. Moreover, she maintains that Dr. Walden did not thoroughly evaluate her heart condition and that neither physician gave any weight to the presumption of disability provided by the fact that the Social Security Administration granted her disability benefits. Thus, Ms. Mayhorn argues that this case should be remanded for further consideration of her application for disability benefits. *See* 162 C.S.R. § 2–3.2.b, *supra.*

Conversely, the Board contends that pursuant to West Virginia Code § 29A–5–4, review of administrative agency decisions should be given great deference and should not be disturbed on appeal unless clearly wrong or arbitrary and capricious. Moreover, the Board argues that this Court has cautioned that a circuit court which is review-

---

1. On May 1, 2006, 162 C.S.R. § 2–3.2.b was amended and now provides:

> For members of the Teachers' Retirement System "mentally or physically incapacitated for service" means a member's inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, or has lasted and can be expected to last for a continuous period of not less than twelve months. In order for a member of the Teachers' Retirement System to be eligible to

> be retired by the Board on account of the incapacity, the evidence must demonstrate that the member's incapacity is so severe that he or she is likely to be permanently unable to perform the duties of the position which the member occupied immediately prior to his or her disabling illness or injury. Evidence demonstrating that the member has been awarded disability benefits by the Social Security Administration shall be considered by any Board selected physician in his or her examination of the member.

ing the factual findings of an administrative agency must "not substitute its judgment for that of the hearing examiner." *Woo v. Putnam County Board of Education,* 202 W.Va. 409, 411, 504 S.E.2d 644, 646 (1998).

The Board also states that W.Va.Code § 18–7A–25 requires a physician selected by the Board to be of the opinion that a member is totally and likely permanently incapacitated for service in their job position. In this case, both Dr. Jeffrey and Dr. Walden shared the opinion that Ms. Mayhorn did not meet the statutory disability standard. Moreover, the Board points out that according to 162 C.S.R. § 2–3.2.b, the award of a Social Security disability award simply creates a presumption that can be rebutted by contrary medical opinion, and in this case it was rebutted by the Board's doctors. Thus, the Board maintains that the adoption of Hearing Officer DeBolt's recommended decision was not error and that the factual findings set forth therein were supported by the substantial, reliable, and probative evidence of record. Finally, the Board argues that pursuant to the provisions of W.Va.Code § 29A–5–4, this Court should reject Ms. Mayhorn's request for a reversal of the circuit court's order.

In this case, in spite of the evidence presented by the Board's two doctors, the Board unequivocally admits that neither of those doctors considered the fact that Ms. Mayhorn had been found to be disabled by the Social Security Administration. We do wish to acknowledge, however, that neither doctor gave any consideration to her Social Security disability award due to the fact that her application for those benefits was still pending at the time of their evaluations. Nonetheless, as discussed above, the Board's rules and regulations at the time of Ms. Mayhorn's appeal provided, and we now hold, pursuant to the applicable regulation, 162 C.S.R. § 2–3.2.b (2004): "Evidence demonstrating that the member has been awarded disability benefits by the Social Security Administration establishes a presumption rebuttable by medical evidence or opinion to the

contrary, that the member suffers from a mental or physical incapacitation for service under the Teachers Retirement System."

Since it is an undisputed fact that neither the Board's physicians nor the Board itself gave any consideration to the presumption which automatically attaches to Ms. Mayhorn's Social Security disability award, we believe the circuit court erred in rendering its decision which upheld the Board's denial of disability benefits. Thus, this case must be remanded for further consideration of Ms. Mayhorn's application for disability benefits giving full consideration to her Social Security disability award which carries with it a presumption of mental or physical incapacitation for service under the Teachers' Retirement System, and thus, under the West Virginia Consolidated Public Retirement Board. Upon remand, pursuant to the 2004 version of 162 C.S.R. '§ 2–3.2.b that applies to this case, the receipt of Social Security disability benefits by Ms. Mayhorn creates a presumption that she suffers from a mental or physical incapacitation for service under the Teachers' Retirement System that may be rebutted by medical evidence or opinion to the contrary.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Kanawha County entered on January 5, 2005, is reversed. We also remand the matter to the Circuit Court of Kanawha County for further proceedings consistent with this opinion.

Reversed and Remanded With Directions.